ANNA McCARTHY, Respondent, v. LOUIS R. GALLO, Appellant, et al., Defendants.— Defendant appeals from a judgment of Albany County Supreme Court entered on the verdict of a jury and from an order denying a motion to set aside the verdict and for a new trial. Plaintiff sued for damages by reason of injuries sustained on December 28, 1951, as the result of a fall on the sidewalk adjacent to property owned by defendant at the corner of Madison Avenue and Trinity Place in the city of Albany, possession of which property was in a tenant. The building was equipped with display windows, referred to as bay windows, fronting on both streets, which were topped with roofs or cornices several inches in width. There had been a substantial fall of snow at intervals from December eighteenth to twenty-seventh, inclusive, of that year. At times between December twenty-first and twenty-fourth temperatures had been such that snow would melt, but were below freezing from December twenty-fifth to the day of the accident. There was evidence that the tenant had cleared the adjacent sidewalks and that there was snow piled at the curbs by reason of sidewalk shoveling and street plowing. It is not questioned that, as snow melted on the cornices above the windows, water would drip to the sidewalk. Plaintiff's theory was that water dripping from the cornices during the warmer days froze on the sidewalks with the lowered temperature. There was no direct proof that the ice on the sidewalks on December twenty-eighth resulted from the dripping. As plaintiff's testimony appears in the record, there is uncertainty as to whether she fell on the Madison Avenue or the Trinity Place sidewalk. The jury was instructed that the only evidence as to how the ice came to be on the sidewalk was circumstantial. It was pointed out that, to reach the inference that the dripping caused the ice, the jury must find that to be the only inference consistent with the facts and that any other would be inconsistent therewith. In the interests of justice the judgment and order are reversed, on the facts, and a new trial directed, without costs. Foster, P. J., Bergan, Coon, Halpern and Imrie, JJ., concur.